UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARY KENNEDY-BIFULCO,
      Plaintiff

- against -

TOWN OF HUNTINGTON, JOHN J. LEO, ESQ.,
and FRANK R. PETRONE in their individual and
official capacities,

      Defendants
------------------------------------------------------------------------X

**ORDER**

No. 08-CV-1612

KORMAN, J.,

      I adopt the recommendation of the United States magistrate judge that the defendants' motion for judgment on the pleadings be granted and that the 1983 cause of action be dismissed and that the plaintiff's pendant state law claims be dismissed without prejudice. I add these brief words. The Magistrate correctly concluded that any acts that took place prior to April 18, 2005 are not actionable because they are barred by the three-year statute of limitations. Report & Recommendation 14. The second amended complaint, however, does not allege any act of the defendants that occurred after April 18, 2005. The only post-2005 allegations in the complaint relate to actions taken in April and September of 2007 by New York State judges.

      First, on April 7, 2007, an order was entered vacating an earlier order entered by another New York State Supreme Court Justice in favor of the Town on the ground that it failed to submit a proposed judgment in violation of 22 N.Y.C.R.R. § 202.48. The basis for the decision was that the town's failure to submit a judgment affected plaintiff's right to appeal the decision and order. *See* Second Amended Complaint ¶ 54; Report & Recommendation 4 n.3.

Second, on September 11, 2007, the New York State Supreme Court "dismissed the civil complaint [d]efendants filed against [p]laintiff," on the ground that it "fail[ed] to state a cognizable cause of action . . . ." Second Amended Complaint ¶ 55. The complaint had been filed on January 20, 2004. *See* Second Amended Complaint ¶ 46; Report and Recommendation 8. I agree with the defendants that, even assuming the continuing violations doctrine, neither of those two actions constituted acts of the defendants within the three year period preceding the filing of the complaint. *See Mumma v. High-Spec, Inc.*, 2010 WL 4386718 (3rd Cir. 2010).

Passing from the statute of limitations issue to the plaintiff's claims of malicious prosecution, I agree with the defendants that the complaint fails to allege a cause of action under the Fourth Amendment. *See Burg v. Gosselin*, 591 F.3d 95, 101 (2nd Cir. 2010) ("[A] pre-arraignment, non-felony summons requiring no more than a later court appearance does not constitute a Fourth Amendment seizure.").

Accordingly, for these reasons and those stated in the Report and Recommendation of the United States magistrate judge, the defendants' motion for judgment on the pleadings is granted and the 1983 cause of action is dismissed. The plaintiff's pendant state law claims are dismissed without prejudice.

SO ORDERED.

Brooklyn, New York
March 10, 2011

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge